UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**THE CINCINNATI INSURANCE COMPANY,**

      **Plaintiff,**

v.                                            Case No. 5:05cv93/RV/MD

**MATTHEW LEATH COCHRAN**

      **Defendant.**

_____/

**ORDER**

Pending is the defendant's objection to Magistrate Judge Davis' orders of December 9, 2004, and March 10, 2005. (Doc. 12).

Magistrate Judge Davis denied defendant Matthew Leath Cochran's motion to compel a subpoena *duces tecum* issued to Fire Engineering Consultants, Inc. The magistrate judge also granted a motion for protective order and motion for sanctions filed by nonparty R. Harold Deese in reference to the subpoena *duces tecum*. Pursuant to Rule 72(a), Federal Rules of Civil Procedure, defendant has filed this objection to the Magistrate's orders.

**I.    BACKGROUND**

In 1999, Cincinnati Insurance Company ("Cincinnati Insurance") filed a declaratory judgment action in the United States District Court for the Southern District of Alabama against defendant Matthew Leath Cochran, seeking to deny coverage on a fire insurance policy, based on Cincinnati Insurance's allegation that Cochran set fire to his own business. In return, Cochran asserted counterclaims against Cincinnati Insurance for Breach of Contract, Bad Faith and Conspiracy, alleging that Cincinnati Insurance conspired with an independent fire investigator, R. Harold Deese, as well as others, to alter the fire scene in order to deny his claim.

The procedural history of this case is long and convoluted and has been described by United States District Court Judge Charles R. Butler as a "procedural nightmare."[1]  After five years of litigation, this case was set for a pretrial conference on February 2, 2004, before Senior Judge W. Brevard Hand.[2]  When the defendant submitted his proposed pretrial order, there was a dispute about the factual allegations in support of defendant's counterclaim for conspiracy. Specifically, defendant alleged that plaintiff's experts, Harold Deese and Owen Posey, fabricated evidence of arson, and that plaintiff's counsel, John Richardson, conspired to prosecute Cochran for arson.  The plaintiffs moved to strike these allegations, and Judge Hand decided to continue the jury trial and to grant the defendant leave to amend the counterclaim in order to clarify the specific nature of the allegations relating to the conspiracy claim.[3]  Subsequently, on March 3, 2004, Judge Callie V. S. Granade, to whom the case had been assigned, referred the matter to a magistrate judge so that a scheduling order could be entered allowing the parties to engage in discovery "solely on the new issues raised by the amended counterclaims."

After the defendant alleged that Richardson and Deese conspired to alter the fire scene and maliciously prosecute him, Richardson and his law firm, as well as Deese, sought to intervene in the lawsuit.   The court entered a stay of discovery while questions of the jurisdiction of the interveners were being resolved.  The discovery stay was lifted on August 23, 2004, and the remaining limited discovery was scheduled to be completed by October 20, 2004.  On September 13, 2004, defendant issued a subpoena *duces tecum* to Fire Engineering Consultants, Inc., which is Harold

---

[1] See Order, dated August 5, 2004, attached as Exhibit LL to Defendant's Brief.

[2] Judge Hand stepped down from the case during 2004, and the case was transferred to Judge Granade.  However, Judge Callie Granade, thereafter, recused herself, and the case was then transferred to Judge Butler.

[3] Defendant's Brief, Doc. 12, Ex. LL.

Deese's investigation firm.  Defendant sent the subpoena *duces tecum* by certified mail addressed to Harold Deese in Panama City, Florida.  On September 21, 2004, an individual named A. Stevens signed for the subpoena *duces tecum*.

Due to hurricane Ivan which hit the Panama City and Pensacola area on September 16, 2004, Deese was not able to contact his attorney until the first week of October 2004.  Subsequently, on approximately October 13, 2004, Deese's attorney, Melissa A. Posey, sent a certified letter to the defendant's attorney, Steven M. Tunstall, outlining several procedural deficiencies in the subpoena.  However, the letters were returned to Posey unclaimed after several attempted deliveries by the United States Postal Service.  Tunstall sent Posey a letter, dated October 16, 2004,[4] requesting the status of the production of documents and suggesting that Posey contact him via his cellular phone to discuss the subpoena.  In response, Posey contacted Tunstall on October 18, 2004.  The two attorneys discussed the scope of the subpoena, as well as the costs of producing the documents, and both attorneys thought that they had reached a mutual agreement.

On October 18, 2004, Tunstall wrote a confirmatory letter summarizing his understanding of the resolution upon which the two parties had agreed.  Tunstall noted that Deese was to prepare an estimate of the time and cost in pulling the files related to the subpoena *duces tecum*, and Deese would forward the files "regarding origin and cause work performed regarding Cincinnati Insurance claims from five years prior to the date of Mr. Cochran's fire (11/11/98) to the present."  Further, Deese would notify the defendant if he would be producing all documents relating to his 1986 investigation of a fire in Montgomery, Alabama.  However, on October 20, 2004, Posey wrote a letter to Tunstall, confirming her understanding of the agreement

---

[4] Deese asserts that defendant did not mail the letter until October 18, 2004, but Deese's attorney admits that she called defendant's attorney on October 18, 2004, in response to the letter.

reached on October 18, 2004.  The summary outlined in Posey's confirmation letter had several conflicts with Tunstall's summary.  As a result, defendant filed a motion to compel in this court on October 26, 2004.[5]  On November 9, 2004, Tunstall acknowledged that Deese contacted him via telephone earlier that morning to discuss a resolution.  However, Tunstall wrote that when he tried to re-contact Posey after pulling the case file, he was unable to make contact.  On November, 9, 2004, Deese filed a motion for protective order and a motion for sanctions.

On December 8, 2004, Magistrate Judge Davis conducted a hearing regarding the defendant's motion to compel and Deese's motion for protective order and motion for sanctions.  After the hearing, Magistrate Judge Davis denied the defendant's motion and granted the Deese's motion for protective order and motion for sanctions.  Subsequently, on March 10, 2005, the magistrate judge ordered Tunstall to pay $3,505.64 to Posey for attorney's fees and $1,1215.75 to Deese for expenses associated with obtaining relief from the defendant's subpoena.  The defendant now appeals the magistrate judge's order.

## II.  STANDARD OF REVIEW

A magistrate judge is permitted to hear and determine any nondispositive pretrial matter pending before the court, including discovery matters, and the decision of the magistrate judge is a final decision.  28 U.S.C. §636(b)(1)(A) (2004).  If a party objects to the magistrate judge's order, a district court may set aside or modify the order only if the district court finds that the magistrate's order is"clearly erroneous or contrary to law."28 U.S.C. §636(b)(1)(A); Fed. R. Civ. P. 72(a). See also, In re Commissioner's Subpoenas, 325 F.3d 1287, 1292 (11th Cir. 2003); Haines v. Liggett

---

[5] Apparently the defendant faxed the motion to compel to the clerk of court on October 20, 2004, after he was informed by a deputy clerk that he could fax the motion and then send it via the mail.  However, as noted by the magistrate judge's order, there is no fax on file, and this court does not accept faxed filings without leave of the presiding judge.  See Order, Doc. 6, p.7.

Group Inc., 975 F.2d 81, 91 (3d Cir. 1992)("the review of the district court is circumscribed: the district court is bound by the clearly erroneous rule in reviewing questions of fact).

A finding is clearly erroneous when "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Pullman-Standard v. Swint, 456 U.S. 273, 285 n.14, 102 S. Ct. 1781, 72 L. Ed. 2d 66 (1982). See also, Johnson v. Hamrick, 296 F.3d 1065, 1074 (11th Cir. 2002). The question for the reviewing court is not whether the finding is the best or only conclusion that can be drawn from the evidence. Instead, the test is whether there is evidence in the record to support the lower court's findings, and whether its construction of that evidence is a reasonable one. Heights Community Congress v. Hilltop Realty, Inc., 774 F.2d 135, 140-41 (6th Cir. 1985).

### III. DISCUSSION

#### A. Motion to Compel

The magistrate judge denied the defendant's motion to compel and quashed the defendant's subpoena *duces tecum* based on the conclusion that the subpoena did not comply with the mandates of Rule 45 of the Federal Rules of Civil Procedure; therefore, the subpoena was invalid and could not be enforced. Notably, in defendant's brief requesting this court to set aside the magistrate judge's order, the defendant does not offer any objection to the determination that the subpoena contained numerous defects in form and service.

Indeed, it appears that the subpoena issued by the defendant to the non-party witness did not comply with Rule 45. For example, Rule 45(a)(1) of the Federal Rules of Civil Procedure provides that every subpoena shall:

    (A) state the name of the court from which it is issued; and
    (B) state the title of the action, the name of the court in which it is
    pending, and its civil action number; and
    (C) command each person to whom it is directed to attend and give

testimony or to produce and permit inspection and copying of designated books, documents or tangible things in the possession, custody or control of that person, or to permit inspection of premises, at a time and place therein specified; and
(D) set forth the test of subdivisions (c) and (d) of this rule.

Subsections (c) and (d) of Rule 45 describes certain protections and rights for the party being subpoenaed, and certain obligations of the party issuing the subpoena. Relevant to this dispute, subsection (c)(1) provides that: "A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena." Moreover, subsection (c)(3)(A) provides that a court may quash or modify a subpoena if the subpoena "requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business" or "subjects a person to undue burden." Fed.R.Civ.P. 45(c)(3)(A)(ii), (iv).

In this case, the subpoena issued to Deese did not state the name of the court in which the action was pending. Instead, it stated the Northern District of Florida, while the action to which the subpoena pertained was actually pending in the Southern District of Alabama. Further, the subpoena did not "set forth the text of subdivisions (c) and (d) of [Rule 45]." Therefore, the non-party to whom it was issued was not instructed on certain rights and obligations concerning the subpoena, such as the appropriate relief the non-party could seek if he were required to travel more than 100 miles.

The form of the subpoena also did not comply with Rule 45 because it did not specify a place where the non-party could produce or permit inspection of the documents, except the address of the defendant's attorney in Mobile, Alabama. The defendant did not compel the production of the documents in the Northern District of Florida, even though the documents were located within this district. Instead, it appeared from the face of the subpoena that Deese could either travel to Mobile,

Case No.:5:05-cv-93/RV/MD

Alabama, to produce the documents, or mail them to Tunstall's Mobile office. Nevertheless, no fees or expenses were tendered for appearance in or travel, nor did the defendant tender fees for mailing and copying the voluminous documents requested.  Failing to tender the applicable sums and fees in advance, with the subpoena, may make the subpoena invalid. See CF&I Steel Corp. v. Mitsui & Co., 713 F.2d 494 (9th Cir. 1983).

Based on all of these deficiencies, the magistrate judge determined that the subpoena was invalid and must be quashed. The magistrate judge's order quashing the subpoena and denying the defendant's motion to compel on the basis that the subpoena was not in compliance with Rule 45 was correct, and certainly not clearly erroneous or contrary to law.  See e.g., In re Silicone Gel Breast Implants Prod. Liability Litigation, 1996 WL 1358526, *1n.1 (N.D. Ala. 1996)(court will deny motion to enforce subpoena where the subpoena is not in compliance with Rule 45); Smith v. Midland Brake, Inc., 162 F.R.D. 683, 686 (D. Kan. 1995)(holding that a court cannot compel a party to comply with a subpoena *duces tecum* which is not properly issued or served).[6]

  B. Sanctions

The gravamen of the defendant's objection to the magistrate judge's order centers upon the imposition of sanctions on the defendant's attorney, Tunstall.  The imposition of discovery sanctions is within the magistrate's power under Title 28,

---

[6] The magistrate judge noted that procedural defects in a subpoena can generally be cured by amendment and reservice, but according to the scheduling order entered by the District Court for the Southern District of Alabama, the discovery deadline had already passed at the time the magistrate judge denied defendant's motion to compel based on the defective subpoena.  Reasoning that he should not extend the discovery deadline imposed by another court where the action was pending, the magistrate judge explained that the defendant would have to seek an extension from the Court in the Southern District of Alabama before amending the subpoena.

Case No.:5:05-cv-93/RV/MD

United States Code, Section 636(b)(1)(A).  See Merritt v. Intel Broth of Boilermakers, 649 F.2d 1013, 1016-1017 (5th Cir. 1981).  Rule 45 provides that a court may enforce the issuing party's obligation to take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena "by imposing upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee."  Fed. R. Civ. P. 45(c)(1). Further, Rule 26 of the Federal Rules of Civil Procedure permits a court on its own initiative or upon a motion to sanction an attorney for signing a discovery request which is unreasonable or unduly burdensome or expensive, considering factors such as the needs of the case, the discovery already had in the case, the amount in controversy, and the importance of the issues at stake in the litigation.  Fed. R. Civ. P. 26(g)(2)(c) and (g)(3).  It is the standard practice in this Court for the losers in discovery disputes that are not based on reasonable grounds to have sanctions imposed.

Defendant suggests that he did not receive adequate notice  and an opportunity to be heard before the sanctions judgment was entered.  Defendant posits in his brief objecting to the magistrate's order that "it is important for an attorney or anyone close to be informed that the Court was contemplating sanctions and be given an opportunity to respond to those issues the Court deemed colorable."  See Appellant's Brief, p. 18.  However, a motion for sanctions places both the party and its attorney on notice that the court may assess sanctions against either the attorney or the party. Devaney v. Continental American Ins. Co., 989 F.2d 1154, 1160 (11th Cir. 1993); See also, Levin & Assoc. v. Rogers, 156 F.3d 1135, 1142 (11th Cir. 1998)(holding that the filing of numerous motions for sanctions is sufficient put the attorney on notice of the potential imposition of sanctions by the court to satisfy the requirements of due process).  Moreover, Local Rule 7.1, which Tunstall is responsible for knowing and following, requires a party opposing a motion to file a responsive memorandum in opposition to the motion, and provides that "[f]ailure to file a memorandum may be

sufficient cause to grant the motion." Id.

Here, after the defendant filed his motion to compel, non-party Deese responded by filing a motion for protective order and a motion for sanctions against the defendant. In response Tunstall did not file a memorandum in opposition to Deese's motion for sanctions as required by Local Rule 7.1. Further, the defendant was given notice that the December 8, 2004, hearing before the magistrate judge was in reference to both his motion to compel and Deese's motion for sanctions. In Deese's motion for sanctions, he accuses Tunstall of uncivil and unprofessional abuses of the judicial process. Deese's counsel repeated those accusations before the magistrate judge during the hearing. Notably, however, Tunstall admits that during the hearing, he decided to focus solely on his own Motion to Compel, and to not address the arguments made against him personally regarding improper conduct. By Tunstall's own admission, then, he had an opportunity to be heard on the issue of sanctions, but instead chose to remain silent and leave the improper conduct accusations made against him unrebutted.[7]

Other than defendant's assertion that he was not provided adequate notice and opportunity to be heard regarding sanctions, the defendant does not argue that the magistrate judge's order is contrary to law. Instead, the defendant simply reargues the facts which predicated the magistrate judge's order, and contends that the magistrate judge's factual findings are not supported by the record. The magistrate judge's order stated, in relevant part, "The court finds that Mr. Tunstall has failed to serve a valid subpoena, failed to take reasonable steps to avoid placing a burden on

---

[7] Tunstall asserts that he was interrupted twice during the hearing when he tried to refute Posey's arguments. While the transcript of the hearing does reveal that Tunstall was redirected to the adequacy and timeliness of the subpoena when he attempted to address the scope of permissible discovery, See Transcript, Doc. 11, p.27, Tunstall still had ample opportunity at other times to address the issue of sanctions, and at no point did he attempt to refute the allegations regarding potential unprofessional behavior on his part.

Mr. Deese, failed to cooperate in the resolution of the issues raised here, and otherwise failed to act professionally." Therefore, the magistrate judge granted Deese's request for sanctions, including the fees and costs associated with resisting the subpoena.

On appeal, defendant strenuously argues that Posey misrepresented the facts before the magistrate judge regarding Tunstall's previous communications with her,[8] and also that the Southern District of Alabama's previous orders limiting discovery did not address the same type of requests at issue in Deese's subpoena. In support of defendant's argument, he offers affidavits from witnesses and copies of orders previously entered by the Southern District of Alabama. The problem with defendant's proffer of new evidence on appeal, however, is that this court is limited to reviewing the magistrate judge's order under a clearly erroneous standard. Under the clearly erroneous standard, it is inappropriate to consider evidence not presented to the magistrate judge. Haines v. Liggett Group, Inc., supra, 975 F.2d at 93. See also e.g., Chase Manhattan Bank v. Iridium Africa Corp., 2003 WL 22928042 (D. Del 2003)(holding that the district court may not consider evidence and materials which were not before the magistrate judge); SmithKline Beecham Corp. v. Apotex Corp., 2000 WL 1310669 (N.D. Ill 2000)(noting that permitting the introduction of new evidence on appeal is essentially conducting an impermissible *de novo* review of the

---

[8] For example, at the hearing Posey asserted that Tunstall had previously informed her, via another attorney in his office building, that she could only contact him through the mail; therefore, she could not telephone or fax Tunstall to discuss her objections to the subpoena. On appeal, Tunstall adamantly refutes Posey's contention, and argues that he never informed Posey that she could not telephone, e-mail or fax him. Instead, Tunstall asserts that sometime in 2004, for reasons not clear from the record, Posey attempted to fax Tunstall correspondence by sending her fax to another attorney, Mr. Mudd, located in Tunstall's office building but completely unrelated to Tunstall's law firm. After consultation with Tunstall, Mudd informed Posey that she should not attempt to contact Tunstall through Mudd's office. The record is not clear why Tunstall's office was apparently unstaffed at times.

magistrate judge's order); Scott Paper Co. v. United States, 943 F. Supp. 501 (E.D. Pa. 1996).

At the hearing, Tunstall did not attempt to refute Posey's assertion that he had refused to accept phone calls or e-mails from her. Instead, he remained silent and waited until this appeal to offer evidence to the contrary. As defendant's counsel concedes, all of this information was available before the December 8, 2004, hearing before the magistrate judge.

Further, even if I disregard the Magistrate Judge's finding that Tunstall acted unprofessionally, the magistrate judge also imposed sanctions because the defendant issued an invalid subpoena and failed to take reasonable steps to prevent an undue burden on the non-party. Based on a review of the original subpoena issued, the magistrate's conclusion that the subpoena was overly broad and created an undue burden on non-party Deese is fully supported by the record. Although the defendant did significantly narrow the scope of his discovery requests in subsequent conversations with Deese's attorney and through his motion to compel, it was the original invalid and overly broad subpoena that caused Posey and Deese to invest time and effort in attempting to obtain relief. Therefore, the magistrate judge's imposition of sanctions was not clearly erroneous or contrary to law.

### III.  CONCLUSION

For the foregoing reasons, the decision of the magistrate judge is AFFIRMED. DONE AND ORDERED this 22nd of September, 2005.

/s/ Roger Vinson
**ROGER VINSON**
**Senior United States District Judge**