UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

THE CINCINNATI INSURANCE
COMPANY,

        Plaintiff,

v.                               Case No. 5:05cv93/RV/MD

MATTHEW LEATH COCHRAN

        Defendant.
_____/

### ORDER

Pending is the defendant's motion to stay the judgment entered in this case pending appeal. (Doc. 73).

### I. BACKGROUND

On October 26, 2004, defendant Matthew Leath Cochran filed a motion to compel non-party R. Harold Deese to produce documents pursuant to a subpoena *duces tecum.* In response, on November 9, 2004, Deese filed a motion for protective order and a motion for sanctions. After conducting a hearing, Magistrate Judge Davis denied the defendant's motion and granted Deese's motion for protective order and motion for sanctions. Further, on March 10, 2005, the magistrate judge ordered, as a sanction, defendant's attorney, Stephen M. Tunstall, to pay $3,505.64 to Deese's attorney, Melissa A. Posey, for attorney's fees and $1,215.75 to Deese for expenses associated with obtaining relief from the defendant's subpoena.

Subsequently, this court entered an order affirming the magistrate judge's imposition of attorney's fees and expenses. The defendant and Stephen M. Tunstall have appealed the judgment to the Eleventh Circuit Court of Appeals. Now, Tunstall moves this court to stay the execution of the judgment pending the outcome of the appeal.

**II.     DISCUSSION**

Rule 62(d) of the Federal Rules of Civil Procedure authorizes a court to stay the execution of a judgment pending appeal, provided that the appellant post a supersedeas bond.  Rule 62(d) provides, "When an appeal is taken the appellant by giving a supersedeas bond may obtain a stay subject to the exceptions contained in subdivision (a) of the rule . . . .  The stay is effective when the supersedeas bond is approved by the court."  Fed. R. Civ. P. 62(d).  The purpose of the supersedeas bond requirement is "to preserve the status quo while protecting the non-appealing party's rights pending appeal.  Poplar Grove Planing and Refining Co., Inc. v. Bache Halsey Stuart, Inc., 600 F.2d 1189, 1190-91 (5th Cir. 1979).  If the appellant requests to stay the execution without posting a supersedeas bond, the burden is on the moving party to objectively demonstrate the reasons for such a departure from Rule 62(d).  Id.

Here, the appellant has requested that this court waive the bond requirement, but he has offered no explanation of why a departure from the rule's bond requirement would be appropriate in this case.  Further, he has offered no evidence in support of his waiver of bond request.

Therefore, the appellant's motion to stay the judgment pending appeal (Doc. 70) is DENIED to the extent that the supersedeas bond requirement will not be waived. It is GRANTED, only if the appellant posts an appropriate supersedeas bond as required by Rule 62(d).

DONE AND ORDERED this 16th day of December, 2005.

/**s**/ *Roger Vinson*
**ROGER VINSON**
**Senior United States District Judge**